Jae Jeong Lyu (#6584866)
Terminal Annex North 1C-70
P.O. Box 86164
LA, CA 90086
Pro se

RELATED DDJ

FEE DUE

FILED
CLERK, U.S. DISTRICT COURT

OCT 20 2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____EEE_____ DEPUTY

The United States District Court,
Central District of California

Jae Jeong Lyu
Petitioner

vs

Superior Court of
California, Los Angeles
Respondent

Case No: 2:23-CV-08912-JVS-KES

Writ of Habeas Corpus: Petition for
A New Trial of BA439082,
California Superior Court of L.A.

Hereby I, Jae Jeong Lyu, am pleading "A Hearing for New Trial" to this honorable court. I am factual inno-cent who was wrongfully convicted by malice accuser, Irisha Bianco and Detective Shumaker's conspiracy that framed me as if I were Bill Li. The true suspect of Shanah Lia Richadson. Based on this wrong conviction Deputy District Attorney of L.A. County Robert Hight mis-conducted of law ; deprived my constitutional rights to obtain my conviction. Although I have submitted numerous petitions and motions, all of those were denied with-out any hearing. I am true victim of this stereotype court system which is tainted with Racial Discriminta-

-1-

1 Only achieving justice is to present to this honorable
2 court. Since the D.A's office and the court deprived my
3 constitutional right, Due Process, only one way to serve
4 justice is to have a hearing at this honorable court.
5 Claim No. 1: The Conspiracy of Trisha B. and Det. Shumaker
6 On Nov. 17, 2019, Detective Timothy Shumaker and Trisha
7 Bianco had conspired to frame me as if I were Bill
8 Li the true suspect of Shanah R. one of Trisha B.'s
9 friends and fellow yoga instructor. By this malice acc-
10 usation, I was wrongfully convicted.
11
12 Claim No. 2: Malice Prosecuting of D.D.A. Robert Hight.
13 On July 18, 2015, Vanessa Sah brought a false accusa-
14 tion to LA PD.
15 And then D.D.A. Hight had an interview with her on
16 July 31, 2015. At this point Mr. Hight discovered the
17 accuser's inconsistent statement, Evidence Code of Cal.
18 §1236, but he has prosecuted me.
19 Knowing the accuser's intentional lie, he filed an
20 information against me, motivated Racial Discrimination
21 for he is White and Vanessa S. is White, also.
22 Being a foster kid, Vanessa S. knows how to mani-
23 pulate this stereotype of justice system, playing to
24 victimize herself.

1   The prosecutor's duty is not only win the case, but
2 rather revealing the truth.
3   See, clerk's Transcript, page 138:
4 "The defendant pointed out Vanessa S.'s impeachment of
5 the incident time, and requested to investigate. But D.D.A.
6 Mr. Hight refused to investigate her impeachment."
7   On 3/25/16, Petitioner called Officer Arellano as
8 his rebuttal witness to prove Vanessa S.'s impeachment,
9 intentional lies, but D.D.A. Hight said that the officer could not
10 come to the court so that we could submit the officer's
11 investigation report as an evidence.
12 See, clerk's summary, page 13: "The stipulation statement
13 by Officer Arellano" is read into the record." After Mr.
14 Hight had read it into the record, I started to bring it
15 into my argument, Mr. Hight objected it, said "Objection. It's
16 hearsay." The judge, white, granted Mr. Hight objection. It's
17 the police report, based on it, D.D.A. Mr. Hight filed the
18 information, and he read it into record with his own
19 mouth, then he had objected it. It's crooked manipula-
20 tion of the prosecutor.
21 Indeed, Vanessa S. told Officer Arellano that she have
22 not received a previous massage by me, then she told
23 D.D.A. that she had received a previous massage by me
24 on 7/10/16, and paid $50 with a tip $15.

1 She made up a false accusation behalf her own benefit.
2 Then the justice department backed her false claims up.
3 In the most states of United States, the police report
4 is treated as an exceptional hearsay rule.
5 Therefore, my conviction was obtained by the prosecutor's
6 misconduct of the law.

7

8 Claim No. 3.: Brady Violation (Brady v. Maryland, 373
9                U.S. 83 (1963). 14th Amendment.
10   D.D.A. Mr. Hight was holding the part of discoveries;
11 of S.R.'s police investigation report and Vanessa S. (VS)
12 email copies. So I made a 'Motion to compelling dis-
13 coveries' and 'Motion to admonish D.D.A', then finally
14 I made 'Subpoenas' on those documents.
15   On March 21, 2016, D.D.A. discovered that I have made
16 subpoenas on those records. That's why he brought my
17 standby attorney to the court then granted my trial date.
18

19 Claim No. 4: Petitioner's Right of Appearing and
20            Defending was Deprived.
21   The 6th Amend and Cal. P.C. § 686. 2. "To be allow-
22 ed counsel as in civil actions, or to appear and defend
23 in person …" It was deprived.
24   On 3/21/16, D.D.A. Mr. Hight had learned that the

-4-

1 the court had issued the subpoenas behalf on defendant.

2 On 3/22/16, in order to prevent me getting the subpoe-

3 naed documents, D.D.A. Mr. Hight brought the standby

4 attorney, Madeline C. Chang, to the court and granted

5 my trial date. It will be started on 3/22/16 while I

6 was in the jail cell, kept in the dark.

7 On 3/21/16, Judge Sandoval ordered me to return to

8 his court on April 4th.  See, Reporter's transcripts

9 E-16, 17:

10 "The Defendant: Do I come back on the 30th of March?

11 The court    : No, no you come back here on 4th."

12 See, reporter's transcript of 3/22/16:

13 "The in persona not present … his case being called at

14 the request of D.A. Today" (P.1).

15 "Mr. Hight: So what I'm asking the court is to have

16     Mr. Lyu in department 100 tomorrow March 23th (P.3).

17 "The Court: … and how long … it's a little difficult without

18     Mr. Lyu here how long of a trial do you anticipate?

19 "The Court: … Okay. This will be in department 100 tomorrow."

20 By doing this D.D.A. Mr. Hight and the court had deprived

21 Petitioner's Constitutional Right which required authomatic

22 a new trial.

23

24 <u>Claim No.5: Motions for Continuance Were Denied.</u>

1 Motions for continuance were denied at the departments
2 100 and 126.
3   On 3/23/16, Petitioner was found at the department 100
4 as he realized he was going to trial, he immediately verbal
5 motioned to continue, but the court denied it.
6 See, the transcript, p.4:
7 "The defendant : I did submit a motion for continuance.
8 ... the court   : The motion to continue is respectfully denied
9              The matter is assigned to department 126."
10 At the department 126. I again verbally motioned to continue,
11 but the court denied it, reasoning motion to continue
12 should be submitted before the court day.
13 Without preparation, I was forced to have the trial.
14
15 Claim No. 6: Having Assistances Right was Deprived.
16   To have assistances right was deprived. The 6th
17 Amendment states, "... to have the assistance of counsel
18 for his defense ..."
19   At Judge Sandoval's court, I requested, "Your honor, as
20 you know I can't speak English nor understand the law
21 procedure, so I need to have a Korean standby attorney."
22 But Judge denied, saying, "The standby attorney is for the court
23 not for you." I meant "an advisory attorney." The court should
24 had have a discerment that I requested an advisory
25 attorney.

- 6 -

On 3/24/16, at the trial court, as I set with the court
appointed Private Investigator Naum Ware, Judge Escobedo
admonished him and kicked him out of the court, said,
"You can't get any money from the court sitting beside
the defendant and helping him." The 6th Amendment
guaranteed for the defendant assistances for the fair-
ness. The courts violated the fair trial.

Claim No. 7: Petitioner's Conviction Was Obtained by
                    Perjured Testimonies.
a. Vanessa S.'s malice accusation and false testimony.
     V.S. intentionally lied to the Officer Arellano on 7/18/15.
The police investigation report was read by D.D.A. Mr. Hight
before the jury. See, reporter's transcript, p. 637.
"Victim had not been previously served by the suspect."
Then, see, clerk's transcript, p. 111. "Victim stated she
had been to the sport massage at on Western on prior
time (on 7/10/15)... victim paid $50 plus a tip $15 for
a massage, but felt suspect had done a good job for that
price. Suspect wrote his name on the back of a business
card gave it to her." It's the interview statement with
D.D.A. Mr. Hight on 7/31/15. It revealed Vanessa S.'s
inconsistent statement, intentional lie.
D.D.A. Mr. Hight had pressed charges on the innocent man.

- 7 -

1  b, The False testimony of Trisha Bianco.

2    D.D.A. Hight brought I.B. to testify against me as my

3 farmor case's victim to the trial court, withholing the crucial

4 discoveries. She filed a lawsuit. BC474321; Trisha Bianco

5 V. Man Han Tang Foot Therapy and Jae Jeong Lyu,

6 through the lawfirm of Taylor & Ring. Through this lawfirm,

7 S.R. also filed a lawsuit BC458537, Shana Richadson

8 vs. Hollywood Hills Beauty Center and Spa.

9  On 4/26/12, I had appeared at the civil court, and request-

10 ed a subpoena on their cell calling logs to prove their

11 conspiracy to frame me as if I were Bill Li. Both

12 cases were filed dismissal. I wish that I would know I

13 can file a counterclaim.

14    On 3/28/16, as I cross-examined I.B. (RT. p.933):

15 "Q: On October 4th 2011, through the lawfirm of Taylor & Ring

16   you brought a civil suit in the amount of $450,000, isn't

17   that correct?

18  A: No.

19  Q: And then you withdrew that the lawsuit on April 12,

20   2012, isn't that correct?

21  A: No, (I did not. You invented a fancy story by yourself)

22    ( ) portion was omitted on the record, yet jurors

23 heard of it and believed in her testimoney.

24 I.B. had committed a crime of perjury (Cal. P.C. § 811).

- 8 -

1 Claim No. 8: Petitioner's Conviction Was Obtained by Prejudice,
2        Bias, and Racial Discrimination.
3 a) Jury convicted me with their prejudices.
4    On 3/24/16, Standby Attorney Madeline C. Chang told me that
5 the jurors were whispering with each other that you were already
6 guilty. So I requested the court a mistrial.
7 Although the court found out the foreman's wife was a victim
8 of sex crime along with three of jurors are relatives of sex
9 crime, the court refused to declare a mistrial.
10 The juror deliberation took only 60 minutes. It was not enough
11 to read the jury instructions. See, the Clerk's summary, p.16:
12 "At 11:21 A.M. The jury retired to deliberate,
13 at 12:00 P.M. The jury breaks for lunch and deliberation
14 resume at 1:40 P.M. at 1:59 P.M. the jury buzzes signaling a
15 question at 2:11, the jury buzzes signaling that they have
16 reached a verdict." It was clearly prejudicial verdict.
17 b) The court has bias against me.
18    The judge was a former prosecutor. She stood for her former
19 department. She had already guilty verdict in her mind.
20 That's why she violated all of my Constitutional Right.
21 c) My conviction was obtained by Racial Descrimination.
22    The white supremacy played a major role in my conviction
23 because Vanessa S., Trisha B. Mr. Hight. Judge Escobedo were whites,
24 and I am an Asian, the minor.

1  Claim N. 9: Petitioner's Conviction Was Affirmed by Ineffective
2        Counsels of Appeal: David Thompson; Michele Dughes.
3    As soon as I was informed that Mr. David Thompson was appointed
4  as my counsel of appeal, I wrote him that he had to argue for
5  Vanessa S.S inconsistent statement, her discredibility, based on
6  Evidence Code § 1236, but he ignored my request. Although
7  I motioned 4 times to withdraw him away from being
8  my attorney, the court denied it. My petition for review was
9  denied by the Supreme Court of California.
10  Mr. Thompson even did not know that the court's clerk
11  intentionally omitted 7 reporters' transcript to send to the
12  appellate court. The 7 transcripts are favored me,
13  The omitted court reporters' transcripts for procedings are
14  dated of 8/20/15, 9/9/15, 9/16/15, 12/15/15, 6/6/16,
15  3/3/16, and 3/22/16.
16    After I was resentenced on Oct. 18, 2017, Michele Dughes
17  was appointed as my counsel of appeal. Even though I sent her
18  the transcript of 3/22/2016 to raise Violation of Due Process,
19  she did not give me her attention. Even she did not realize
20  that Judge Escobedo unlawfully expanded sentence on count
21  1.        from 1 year to 4 years, after the appeal court
22  affirmed 1 year sentence on the charge count 1.
23  Two lawyers are the hinderance of justice. It should not
24  be happened for justice's sake.

## Prayer

Vestied with White Supremacy, I was deprived Constitutional Rights; having assistances, discoveries, appearing and defending, and by the prosecutorial misconduct, by the perjured testimonies, by the jurors' prejudice, and wrongfully convicted.

Please, allow me to have a hearing for a new trial.

## Declaration

Petitioner. I, Jae Jeong Lyu, declare under the penalty law of the state of California and of the United States that the foregoing is correct and true.

Dated: October 17, 2023

Respectfully Submitted,

Petitioner, In Pro Se
Jae Jeong Lyu.

Proof of Service by Mail

I am over the age of 18 years and reside in LA County Jail. My mailing address is P.O. Box 86164 LA, CA 90086

I served the Petition writ of Habeas Corpus by enclosing in the U.S. Mail as to followed address:

United States District Court,
   Central District of California
255 E. Temple St. #180
LA, CA 90012

I, Jae Jeong Lyu, declare under the penalty of perjury law of the state of California and of the United States that the foregoing is correct and true.
Dated: October 17, 2023.

_Jyu_
Declarant, Jae Jeong Lyu

<u>Proof of Service by Mail</u>

I am over the age of 18 years and reside in LA County Jail. My address is P.O. Box 86164 LA, CA 90086.

I served the Amended Petition and Motion for Producing Record by enclosing in the U.S. Mail as to followed addresses:

1) The Appeal Court of California, 2nd District Division 7
300 S. Spring St. B-228        LA, CA 90013

2) The Superior Court of California, County of Los Angeles
210 W. Temple St.               LA, CA 90012

3) Attorney General's Office, Post-Conviction Litigation
200 S. Spring St #16701     LA, CA 90013

I, Jae Jeong Lyu, declare under the penalty of perjury law of state of California that the foregoing is correct and true.

Dated: Sep. 17. 2023

Declarant, Jae Jeong Lyu

Exhibit: A.
A copy of Affidavit; one of 23 letters to District of Attorney for L.A. County.

C.R.C. 104 - 11 L
P.O. Box 3535
Norco, CA 92860

To: District Attorney for L.A. County, Jackie Lacey,
   D.D.A. Stacie Gravely, and
   D.D.A. Robert Hight       <u>Affidavit of Jae Jeong Lyu</u>
   210 W. Temple st. #19000     BA439082 and BA372280
   LA, CA 90012

Dear <u>Ms. Lacey</u>, <u>Gravely</u>, and <u>Mr. Hight</u>:
   Unfortunately, it is common people to be accused with false sexual charges in this country. I am one of them. I am completely innocent. I would like to declare one more time in here to reinvestigate my cases.

I, <u>Jae Jeong Lyu</u>, declare:

1, <u>On Dec. 2, 2009</u>, I was arrested as if I were <u>Bill Li</u> by Detective <u>Timothy Shumaker</u>, L.A.P.D, and <u>Trisha Bianco's (T.B.)</u> pretext call without a warrant nor an exigent circumstances, which means entrapment. And the detective put me in an interrogation room, lowered the room's temperature to torture me, known as cooking a suspect, so that I was lost.

2) <u>On Dec. 4, 2009</u>, D.D.D. <u>Stacie Gravely</u> interviewed <u>Trisha B. (T.B.)</u> and <u>Shanah R. (S.R.)</u>. T.B and S.R. are friends with each other and yoga instructors. Ms. <u>Gravely</u> filed an information against me based on her interview. The case number was <u>BA365349</u> with six felony counts of sexual charge. S.R. told Ms. <u>Gravely</u> about the incident on <u>April 7, 2009</u>, at 1915 N. Highland Ave. Hollywood, California. Her attacker was <u>Bill Li</u> second generation Taiwanese. I never know where the place was nor who <u>Bill Li</u> was, except according to the police investigation reports.

-1-

3) On Feb. 1, 2010, at the preliminary hearing, S.R. testified about our encounter at the Man Han Tang Foot theray, 1220 S. Western Ave. Los Angeles, on Sep. 5, but Ms. Gravely struck her testimony for it was irrelevant. Indeed I gave S.R. a massage at the Man Han Tang Foot Therapy on Sep. 5, 2009.

As I saw S.R.'s mother took care of T.B.'s bag and cloth, I realized T.B. and S.R.'s relationship and why I was accused as if I were Bill Li. Because T.B. assumed that I was Bill Li and persuaded S.R., so that S.R. had to write on the bottom of the suspect's photo, "He looks older than him", after she chose my photo among the six suspects' photos on Nov. 17, 2009. Of the same day Ms. Gravely added four counts of misdemeanor on my charges.

4) In June 2010, before dismiss my case, Ms. Gravely offered a deal that if I accepted my guilt on two counts of misdemeanor, P.C. §243.4(e)(1), I could go home and without a register of sex offender. Also she asked me to sign on the paper which stated that I won't suit against D.A's office. I refused to take her deal although I wanted to go home since I was Bill Li. And Ms. Gravely refiled my case into the case of BA372280.

5) An expert analyzed the emails between S.R. and Bill Li, so that he proved the email address belong to Bill Li, not me. According to the police report, Bill Li hired an attorney, Anthony Solana Jr. after he was informed that he was accused by S.R. to defense.

Overwhelming the evidences that I was not Bill Li, D.D.A. Gravely held me as if I were Bill Li in order to hold an advantage on T.B.'s case.

Although I lettered Ms. Gravely to visit me so I may tell her the truth. She ignored my request.

6) Detective Shumaker had sent S.R. 53 emails to persuade her to testify

against me for she did not testify against me since she had realized that I a not Bill Li. I heard that Mr. Gravely told my attorney, Jeffrey S. Yanuck, tha the detective had walked on the wrong way at the court room, but she did not dis missed my charges on S.R.

7) I testified twice, one at the jury trial, and the other one at the Bench tria Unfortunately, I was convicted on T.B's charges and dismissed on S.R's cha I appealed, but my appellate attorney never argued for my innocence, but the ap court reversed my felony charges and affirmed misdemeanor charges. And I was forced to register as sex offender, on P.C. §243.4(e)(1).

8) Supposing I was going to be deported, T.B. filed a lawsuit against the Man Han Tang Foot therapy and me.
  On April 26, 2012, I went to the civil court, and requested a subpoena on T.B's and S.R's cell phone call histories on certain dates to prove their relationship and their cospiracy, which they framed me as if I were Bill Li.
  T.B. immediately dismissed the case to block my subpoena issue, but at that time I did not know that I could make a counterclaim. I was deceived by the attorney for Euiong Ma, the owner of Man Hao Tang Therapy.

9) In May 2012, I visited D.D.A Ms. Gravely's office to declare my innocence. She refused to see me, and she sent me two detectives to threaten me that she will send me into jail if I visit her office any more. One of the two dete- tive was Scott Baik who can speak Korean.

10) I tried to meet Detective Shumaker, but he refused to meet me.
  By chance I saw him of the Wilshire Police Department on Venice Blvd. As I saw him, "Hay, Mr. Shumaker, I want to talk you," but he ran away from me.
  -9-

By the other chance, I saw him at 333 S. Alamed St., Market Place. As I saw him, "Hay, detective, I want to talk to you as man to man," but he ran outside of the building, so I went to outside the building through the shortcut and waited for him. As he saw me, he returned back to join his companions. Then I approached them again. He placed his hand on his gun and shouted ot me, "Back off."

11) On July 18, 2015, Vanessah Sah (V.S.) maliciously brought a false accusation against me. She stated to the LAPD officer Arellano that she did not have a previous massage by me, and the incident time was 9:25 P.M. On July 31, 2015, S.R. was interviewed by D.D.A Mr. Hight, and she stated him that she had a previous massage by me and he leaving time was 10:38 p.m. But I was home since at 10:00 P.M. She intentionally lied to the authorities.

Indeed I gave her sexual service by her request, and I confirmed her request. So that I gave her what she wanted to get from me. But she falsely accused me and perjured ot the trial.

Knowing V.S's inconsistent statement, D.D.A Mr. Hight filed an information against me. And at the arraignment hearing, he asked to the court to ban my visitation for he has none of evidences against me, and he granted it.

In Judge Sandoval's courtroom, he told that his office had an interesting on former my case and tried to investigate for the incidents were occurred two different places and the suspect's identity was different, but I was convicted. Therefore I requested him, "You must reinvestigate on my former case in this time because I am innocent." But. "No, I won't do this," he refused to investigate on my former case.

4

12) I had compelled the discoveries, but Mr. Hight intentionally did not discover the evidences, the police investigation report on S.V.'s case, the D.N.A test result which the LCLA Hospital nurse collected a male saliva from V.S's genital area, and the conversation record between Offer Sammy Cruz and me.
Therefore Officer Mr. Cruz perjured at the trial.

13) On March 21, 2016, I requested to the court the compelling evidences, and Judge Sandoval granted my motion. but Mr. Hight never provided the discoveries.

14) On March 22, 2016, Mr. Hight brought my standby attorney to the court, and he granted my trial date without me who was in propia persona.
He committed the violation of Due Process and deprived my Constitutional Rights.

15) On March 23, at Dep. 100, I argued that I was not prepared to get jury trial, but I want to go to bench trial, but it was denied.

16) During trial, I called Officer Arellano as my rebutal witness to prove V.S.'s inconsistent statement, but Mr. Hight manipulated him not to appear at the court.

17) At Dep. 126, I motioned a continuance, but Judge Escobedo denied my motion, saying, "You have to motion before eight days on this continuance."

I am pleading to reinvestigate all my cases promptly for I am completely innocent.

I declare under penalty of the perjury law of the State of California that the forgoing is true and correct.

Executed: ~~Feb -5-6-, 2019~~
March 2, 2019

Affiant
~~Hight~~
- t - Ta Teona Lu

## Proof of Service by mail

I, Jae Jeong Lyu, declar;

I am an inmate at California Rehabilitation Center at Norco, California and a part to the within action.

I served the attached Affidavit of Jae Jeong Lyu on Feb.   , 2019, by deporsiting a copy in the United States mail at C.R.C, California in a sealed envelope, with first class inmate indigent envelope, addressed as follow:

1) Jackie Lacey, District Attorney for L.A. County.
   210 W. Temple St. #19000
   LA, CA  90012

2) Stacie Gravely. Deputy District Attorney.
   210 W. Temple St. #19000
   LA, CA  90012.

3) Robert Hight, Deputy District Attorney.
   210 W. Temple St. #19000
   LA, CA  90012

I declare under the penalty of the perjury of the laws of the state of California that the foregoing is true and correct.

Dated: ~~Feb. 23,~~ March. 2 2019.

Jae Jeong Lyu

