UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JAE JEONG LYU,
Petitioner,
v.
SUPERIOR COURT OF CALIFORNIA,
Respondent.

Case No. 2:23-cv-08912-JVS-KES

ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY OR LACKING JURISDICTION

**I.**

**INTRODUCTION**

On October 17, 2023, Jae Jeong Lyu ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. ("Petition" at Dkt. 1.)[1] The Petition challenges Petitioner's

[1] October 17, 2023 is the date Petitioner signed the Petition. (Dkt. 1 at 11.) The Court assumes, for purposes of this order, that Petitioner is entitled to the benefit of the prison mailbox rule, under which "a prisoner's pro se habeas petition is deemed filed when he hands it over to prison authorities for mailing to the relevant court." Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citation omitted); see also Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014)

convictions for crimes against Trish B. and Vanessa S.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Under this rule, district courts are "permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 202 (2006). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Id.

For reasons discussed more fully below, the Court orders Petitioner to show cause why the Petition should not be dismissed as (1) untimely or (2) filed when Petitioner was no longer "in custody" under one of the state court judgments he is challenging, meaning the Court does not have jurisdiction under § 2254.

## II.
## BACKGROUND

The following facts are taken from the Petition, from the Court's own records, or from public records. Where necessary, the Court takes judicial notice of the latter. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").[2]

---

(noting that, in the absence of other evidence, courts generally deem a habeas petition filed on the day it is signed).

[2] The Court has issued a separate minute order attaching any public records referenced in this order that are not available on Lexis.

**A. Petitioner's Convictions Involving Trish B.**

**1. Convictions and Direct Appeal.**

Petitioner worked as a massage therapist. In March 2011, in Los Angeles County Superior Court ("LASC") case no. BA372280, Petitioner was convicted of two felony counts (sexual penetration by a foreign object of an unconscious person and oral copulation of an unconscious person) and two misdemeanor counts (sexual battery) arising out of his 2009 sexual assault of a massage client, Trish B. People v. Lyu, 203 Cal. App. 4th 1293, 1295 (2012); People v. Lyu, No. B283089, 2018 Cal. App. Unpub. LEXIS 437, 2018 WL 495167 (Jan. 22, 2018).

In 2012, the California Court of Appeal reversed Petitioner's felony convictions because Trish B.'s trial testimony established that she was not "unconscious" during the assault. But the Court of Appeal affirmed Petitioner's two misdemeanor convictions. See People v. Lyu, 203 Cal. App. 4th 1293 (2012) (appellate case no. B232192); see also Lyu, B283089, 2018 Cal. App. Unpub. LEXIS 437, 2018 WL 495167. On June 13, 2012, the California Supreme Court denied Petitioner's petition for review. People v. Lyu, No. S201853, 2012 Cal. LEXIS 5445 (June 13, 2012).

"Following the appeal, [Petitioner] was sentenced on [the] two misdemeanors for a term of one year." People v. Lyu, No. B306835 (Cal. Ct. App. Oct. 1, 2020) (order dismissing later appeal).

**2. Postconviction Proceedings.**

It appears that Petitioner was released from custody in 2012. See Lyu, No. B283089, 2018 Cal. App. Unpub. LEXIS 437, 2018 WL 495167. After he was convicted of new crimes against Vanessa S. in 2015—as discussed further below—he began to file new challenges to all of his convictions, including those involving Trish B.

Between 2015 and 2017, he filed multiple unsuccessful postconviction challenges to the Trish B. convictions in state court. People v. Lyu, LASC Case

No. BA372280 (docket showing habeas petition was filed on January 25, 2016); People v. Lyu, No. B268379 (Cal. Ct. App. Dec. 2, 2015) (denying habeas petition); People v. Lyu, No. B283993 (Cal. Ct. App. Aug. 2, 2017) (denying petition for writ of error coram nobis).

In 2017, Petitioner filed a petition in the LASC seeking records from the Trish B. trial, stating that he intended to use them to challenge the requirement that he register as a sex offender. The LASC denied the petition, and Petitioner appealed. The California Court of Appeal affirmed the denial. Lyu, No. B283089, 2018 Cal. App. Unpub. LEXIS 437 2018 WL 495167. Petitioner sought review by the California Supreme Court, which summarily denied review. People v. Lyu, No. S247256, 2018 Cal. LEXIS 2886 (Apr. 11, 2018).

In 2020, Petitioner filed several motions in the LASC case involving Trish B., which the California Court of Appeal summarized as follows:

> On February 5, 2020, [Petitioner] filed motion to vacate judgment pursuant to Penal Code sections 1473.6 and 1473.7. At the time of his motions, [Petitioner] was serving a sentence of seventeen years on an unrelated case [the case involving Vanessa S., discussed below]. On February 24, 2020, the court denied the 1437.6 motion because [Petitioner] did not offer newly discovered evidence and denied the 1473.7 motion because [Petitioner] was not claiming adverse immigration consequences.
>
> On March 27, 2020, [Petitioner] filed a motion for reconsideration of the motion to vacate the conviction. The superior court appears to have treated the motion as a petition for a writ of habeas corpus and denied the motion or petition on June 17, 2020 because [Petitioner] was no longer in custody for these misdemeanor offenses.

People v. Lyu, No. B306835 (Cal. Ct. App. Oct. 1, 2020).

Petitioner appealed, and the California Court of Appeal dismissed the appeal, finding that: (a) if the latter motion was a habeas petition, "there is no appeal from an order denying a petition for a writ of habeas corpus" under California state law, and (b) if it was a motion for reconsideration, it was untimely under California state law. Id.

**B. Petitioner's Convictions Involving Vanessa S.**

**1. Convictions and Direct Appeal.**

In 2015, in LASC case no. BA439082, Petitioner was charged with four crimes arising out of a sexual assault on another massage client, Vanessa S.: sexual battery involving an unconscious person, forcible sexual penetration, forcible oral copulation, and failing to register as a sex offender. After a jury convicted him of all four charges, the trial court sentenced him to a total term of 17 years. People v. Lyu, No. BA439082 (LASC minutes).

Petitioner appealed. On June 6, 2017, the Court of Appeal reversed Petitioner's conviction for forcible sexual penetration based on the trial court's failure to instruct the jury on lesser included offenses. But it affirmed his other three convictions. People v. Lyu, No. B272022, 2017 Cal. App. Unpub. LEXIS 3903, 2017 WL 2438276 (June 6, 2017). On August 9, 2017, the California Supreme Court denied Petitioner's petition for review. People v. Lyu, No. S242553, 2017 Cal. LEXIS 6434 (Aug. 9, 2017).

On October 18, 2017, the LASC resentenced Petitioner to a total term of 12 years in state prison followed by 6 months and 364 days in county jail. (Dkt. 1 at 10); People v. Lyu, No. BA439082 (LASC minutes).

On October 30, 2017, Petitioner appealed his resentencing. See People v. Lyu, No. B286037 (Cal. Ct. App). That appeal ended on September 26, 2018, because Petitioner voluntarily dismissed it. Id.

**2. Postconviction Proceedings.**

In 2016, while his direct appeal was pending, Petitioner filed two

unsuccessful pro se cases in the California Court of Appeal. People v. S.C.L.A., No. B269920 (Cal. Ct. App. Feb. 3, 2016) (denying writ of prohibition); In re Lyu, No. B278828 (Cal. Ct. App. Nov. 9, 2016) (denying habeas petition).

It appears that, throughout 2016, 2017, and 2018, he also filed multiple petitions or motions in the LASC. On November 29, 2018, he filed a habeas petition and/or motion for new trial in the LASC. People v. Lyu, No. BA439082 (LASC minutes). On December 10, 2018, the LASC denied the petition, finding it "restate[d] the same facts and basis as presented previously" in motions filed on "11-16-16, 1-4-17, 7-10-17, 8-21-17, 9-22-17, 8-21-18, 10-17-18, [and] 11-26-18." Id.

On January 30, 2019, Petitioner filed a motion in the LASC to "modify" the court's transcripts. Id. On February 6, 2019, the LASC denied the motion, finding that the request was successive and had been denied previously. Id.

Petitioner appealed that denial, and on March 14, 2019, the California Court of Appeal dismissed the appeal because the LASC's denial order was not appealable. People v. Lyu, No. B296054 (Cal. Ct. App. Mar. 14, 2019).

On March 27, 2019, Petitioner filed a habeas petition in the California Court of Appeal, which denied it on April 5, 2019. In re Lyu, No. B296543 (Cal. Ct. App.).

On June 26 and July 9, 2019, Petitioner filed two petitions for writ of mandate in the LASC. People v. Lyu, No. BA439082 (LASC minutes). On July 9, 2019, the LASC denied the petitions as successive. Id.

On June 22, 2023, Petitioner filed a habeas petition in the LASC. Id. On July 17, 2023, the LASC denied the petition but entered an amended abstract of judgment on July 21, 2023, to correct a scrivener's error. Id.

On August 8 and 15, 2023, Petitioner filed two letters with the LASC entitled "re: habeas corpus" and "reconsideration." Id. On August 29, 2023, the LASC summarily denied the motions, noting they were "repetitive, successive, and

without merit." Id.

On August 16, 2023, Petitioner filed a habeas petition in the California Court of Appeal, which denied it on August 23, 2023. In re Lyu, No. B331011 (Cal. Ct. App.).

On September 14, 2023, Petitioner filed a motion in the LASC to "modify the court's sentencing order and … release [him] based on wrongful conviction…." People v. Lyu, No. BA439082 (LASC minutes). The LASC denied the motion on September 15, 2023. Id.

On September 27, 2023, the LASC noted that it had "received an unintelligible letter" from Petitioner on that date, and it forwarded the letter to Petitioner's appointed counsel. Id.

## III.

## SUMMARY OF CLAIMS

As summarized below, Claim One challenges Petitioner's conviction involving Trish B. All the other claims challenge Petitioner's convictions involving Vanessa S.

Claim One: Trish B. and Detective Shumaker conspired to frame Petitioner when the real perpetrator was Bill Li. (Pet. at 2.)

Claim Two: The prosecutor in the Vanessa S. case engaged in misconduct. He interviewed Vanessa S. and knew she had made inconsistent statements, but he prosecuted Petitioner anyhow. (Id. at 2-4.)

Claim Three: The prosecutor in the Vanessa S. case violated Petitioner's rights under Brady v. Maryland, 373 U.S. 83 (1963) by withholding a "police investigation report" that had been emailed to Vanessa S. (Id. at 4.)

Claim Four: Petitioner was deprived of his Sixth Amendment right to be present at trial during the Vanessa S. case, because he was not transported to court for a scheduling discussion involving the judge, prosecutor, and standby defense counsel on March 22, 2016. (Id. at 5.)

Claim Five: The trial court in the Vanessa S. case deprived Petitioner of a fair trial by refusing to grant his motion for a continuance, forcing him to go to trial in March 2016 "without preparation." (Id. at 6.)

Claim Six: The trial court in the Vanessa S. case deprived him of his rights to counsel and a fair trial by (a) refusing to appoint Korean-speaking standby counsel when Petitioner was representing himself, and (b) kicking his court-appointed investigator out of court. (Id. at 6-7.)

Claim Seven: The prosecutor in the Vanessa S. case violated Petitioner's rights by knowingly presented perjured testimony by Vanessa S. (Id. at 7.)

Claim Seven: The prosecutor in the Vanessa S. case violated Petitioner's rights by calling Trish B. to testify at the trial involving Vanessa S., because Trish B. lied about the existence and outcome of a civil suit she had filed against Petitioner. (Id. at 8.)

Claim Eight: The trial court in the Vanessa S. case deprived Petitioner of his right to a fair trial by (a) refusing to grant his motion for a mistrial based on juror misconduct; (b) allowing jurors to serve whose relatives had been victims of sex crimes; (c) harboring bias because of her background as a prosecutor; and (d) not recognizing that "white supremacy played a major role" in his conviction. (Id. at 9.)

Claim Nine: Appellate counsel in the Vanessa S. case provided ineffective assistance during both the initial appeal and the appeal following re-sentencing. (Id. at 9.)

## IV.

## JURISDICTION OVER CLAIM ONE

### A. Section 2254's "In Custody" Requirement.

#### 1. Legal Standard.

28 U.S.C. § 2254(a) grants federal district courts jurisdiction over habeas petitions filed by a person "*in custody* pursuant to the judgment of a State court …

on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." (Emphasis added.)  A habeas corpus petitioner must be in custody *at the time he files* his habeas petition.  Carafas v. LaVallee, 391 U.S. 234, 238 (1968); see also Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010).  He must also be "in custody" under the same conviction or sentence that he is attacking in that habeas petition.  Maleng v. Cook, 490 U.S. 488, 490 (1989); Wright v. State, 47 F.4th 954, 959 (9th Cir. 2022) ("[T]here must be a nexus between 'the judgment of a State court' the petitioner is challenging and the 'custody' upon which the petitioner relies to establish jurisdiction.  Put differently, the challenged judgment must be 'the source of the petitioner's custody.'") (citations omitted).

**2.    Analysis.**

As noted above, in 2020 Petitioner filed two post-judgment motions challenging his convictions in LASC case no. BA372280, the Trish B. case.  The LASC denied the motion and the California Court of Appeals affirmed, noting, "The superior court appears to have treated the [second] motion as a petition for a writ of habeas corpus and denied the motion or petition on June 17, 2020 because [Petitioner] was no longer in custody for these misdemeanor offenses."  People v. Lyu, No. B306835 (Cal. Ct. App. Oct. 1, 2020).  The Court of Appeal noted that Petitioner was then "serving a sentence of seventeen years on an unrelated case," which appears to be referring to the Vanessa S. case.  Id.

Additionally, in 2019 Petitioner filed a pro se civil rights case under 42 U.S.C. § 1983 in this Court raising claims related to the Trish B. and Vanessa S. cases.  On January 29, 2020, the Magistrate Judge assigned to that case recommended that the claims be dismissed, noting in part, "Plaintiff has completed his sentence" in the Trish B. case.  Jae Jeong Lyu v. Hight, No. 2:19-cv-05533-JVS-FFM, 2020 U.S. Dist. LEXIS 39485, at *8 (C.D. Cal. Jan. 29, 2020).

Based on these public records, it appears that Petitioner had finished serving the sentence in the Trish B. case by 2020.  This would mean that when he filed the

federal Petition in this case in October 2023, he was not in custody under the state court judgment related to Trish B. If so, then this Court lacks jurisdiction to consider Claim One, which challenges his convictions in the Trish B. case. If Petitioner believes that he was still in custody under that judgment when he filed the federal Petition, his response to this Order should explain why.

## V.

## TIMELINESS OF CLAIMS TWO THROUGH NINE

### A. <u>AEDPA's One-Year Statute of Limitations.</u>

#### 1. Legal Standard.

This habeas action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides for the following limitation periods:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of

due diligence.

28 U.S.C. § 2244(d).

Thus, AEDPA generally "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The statute of limitations period typically runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' [for purposes of § 2244(d)(1)(A)] on the date that the time for seeking such review expires." Gonzalez v. Thaler, 565 U.S. 134, 137 (2012). In contrast, where a state defendant seeks direct review in a state's highest court, the judgment becomes final when time for seeking certiorari review in the U.S. Supreme Court expires. See Jimenez, 555 U.S. at 120. This is because the U.S. Supreme Court has jurisdiction over final decisions of the highest state court "in which a decision could be had" respecting a constitutional right or other federal law. 28 U.S.C. § 1257(a). To appeal to the U.S. Supreme Court, a petition for writ of certiorari must be filed within 90 days after entry of the state court judgment. U.S. Sup. Ct. R. 13.

**2. Analysis.**

As discussed above, Petitioner was resentenced in October 2017 for his crimes against Vanessa S. and then appealed. His direct appeal concluded on September 26, 2018, when the California Court of Appeal issued an order dismissing the case in response to Petitioner's letter asking the court to dismiss it. People v. Lyu, No. B286037 (Cal. Ct. App. Sept. 26, 2018).

Petitioner's conviction therefore became final ten days later, on October 6, 2018, when his time to seek review in the California Supreme Court expired. See Harris v. Unknown, No. 11-cv-7511-PA (PJW), 2012 U.S. Dist. LEXIS 65232, 2012 WL 1616426, at *2 (C.D. Cal. Apr. 4, 2012) (when defendant voluntarily

dismisses appeal, conviction becomes final at latest ten days later, when time for filing petition for review in California Supreme Court expires), accepted by 2012 U.S. Dist. LEXIS 65228, 2012 WL 1615232 (C.D. Cal. May 9, 2012); see Cal. R. Ct. 8.366(b)(2)(B), 8.500(e)(1).  Thus, absent tolling, he needed to file his § 2254 federal Petition one year later, on or before October 6, 2019.

He did not file the instant action until October 17, 2023, more than four years after the AEDPA deadline expired.  Although AEDPA provides for statutory tolling while state court challenges to a petitioner's convictions are pending, as discussed below, Petitioner does not appear to have enough statutory tolling to render the Petition timely.

**B.    Statutory Tolling.**

    **1.    Legal Standard.**

AEDPA provides for statutory tolling under some circumstances, as follows:
> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  The United States Supreme Court has interpreted this language to mean that AEDPA's statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a petitioner's final collateral challenge, so long as the petitioner has not unreasonably delayed during the gaps between sequential filings.  Carey v. Saffold, 536 U.S. 214, 219-21 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains  pending during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court).

However, statutory tolling "does not permit the re-initiation of a limitations period that has ended before the state petition was filed," even if the state petition

was timely filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003).

The burden of demonstrating that AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace, 544 U.S. at 418; Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended); Miranda, 292 F.3d at 1065.

**2. Analysis.**

The Court considered whether any of Petitioner's postconviction filings might create statutory tolling. As discussed above, his convictions became final on October 6, 2018. Between October 2018 and July 2019, he filed multiple motions or petitions in the LASC and the California Court of Appeal. See People v. Lyu, No. BA439082 (LASC minutes); People v. Lyu, No. B296054 (Cal. Ct. App. Mar. 14, 2019). Even assuming, for the sake of argument, that he is entitled to statutory and gap tolling for all of these filings, he did not file any state court motions challenging the Vanessa S. convictions between July 9, 2019 and June 22, 2023, a gap of nearly four years. AEDPA's one-year statute of limitations expired during that time period. The postconviction petitions and motions he filed later, in 2023, cannot create statutory tolling because Petitioner's AEDPA filing deadline had already expired. See Ferguson, 321 F.3d at 823 (holding that statutory tolling "does not permit the re-initiation of a limitations period that has ended before the state petition was filed").

In sum, the Court does not see a record of state court filings sufficient to create the needed four years of statutory tolling.

**C. Equitable Tolling.**

**1. Legal Standard.**

AEDPA's one-year limitation period is subject to equitable tolling if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." Smith v. Davis, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc) (rejecting a "stop-clock approach" to equitable tolling). In other words, "it is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." Id. at 599.

"The diligence required for equitable tolling purposes is reasonable diligence … not maximum feasible diligence," Holland, 560 U.S. at 653 (citations and quotation marks omitted), and courts consider "the petitioner's overall level of care and caution in light of his or her particular circumstances." Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011); see also Smith, 953 F.3d at 600-01 (emphasizing that the doctrine "does not impose a rigid 'impossibility' standard on litigants, especially not on 'pro se prisoner litigants—who have already faced an unusual obstacle beyond their control during the AEDPA limitation period,'" but noting that it usually "requires the petitioner to work on his petition with some regularity—as permitted by his circumstances—until he files it in the district court") (citation omitted).

"[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.) (citation omitted), cert. denied, 537 U.S. 1003 (2002). Consequently, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). "To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that

extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (citations omitted).

The burden of demonstrating that AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace, 544 U.S. at 418; Miranda, 292 F.3d at 1065.

**2.    Analysis.**

Petitioner never explains why he failed to file a federal habeas petition earlier challenging his convictions involving Vanessa S.  He submitted many other pro se filings during the intervening years, demonstrating that he had the physical and mental ability to prepare court filings.  For example, in addition to the LASC and appellate filings discussed above, Plaintiff filed numerous pro se civil rights lawsuits in the Central District of California.  See, e.g., Lyu v. Alexa Villaneuva, et al., case no. 5:19-cv-00637-MCS-AFM (filed Apr. 9, 2019 and dismissed Jan. 12, 2021); Lyu v. Robert Hight, et al., case no. 2:19-cv-05533-JVS-FFM (filed July 26, 2019 and dismissed Mar. 4, 2020), appeal at 837 Fed App'x 519 (9th Cir. Feb. 22, 2021) (affirmed); Lyu v. John Yutan, et al., case no. 2:20-cv-00333-JVS-AFM (filed Jan. 13, 2020 and dismissed May 28, 2020).[3]

**D.    Actual Innocence.**

**1.    Legal Standard.**

Under Schlup v. Delo, 513 U.S. 298 (1995), "a credible claim of actual

---

[3] The Court dismissed Lyu v. Yutan after Petitioner failed to qualify for a fee waiver or pay the filing fee.  (Dkt. 13.)  Before this dismissal, Petitioner filed a motion requesting, among other things, that his § 1983 complaint "be treated as a habeas petition."  (Dkt. 6.)  The Court denied that motion.  (Dkt. 9.)  The Lyu v. Yutan action, therefore, does not count as a prior federal habeas petition.

innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits." Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011).[4]

However, "[i]n order to present otherwise time-barred claims to a federal habeas court under Schlup, a petitioner must produce sufficient proof of his actual innocence to bring him within the narrow class of cases … implicating a fundamental miscarriage of justice." Lee, 653 F.3d at 937 (internal quotation marks and citations omitted). While a petitioner is not required to proffer evidence creating an "absolute certainty" about his innocence, the Schlup gateway is an "exacting standard" that permits review only in the "extraordinary case." Id. at 938; see also House v. Bell, 547 U.S. 518, 538 (2006) ("[I]t bears repeating that the Schlup standard is demanding and permits review only in the 'extraordinary' case.").

Specifically, a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Lee, 653 F.3d at 938 (quoting Schlup, 513 U.S. at 327). The petitioner must support his allegations "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Id. (quoting Schlup, 513 U.S. at 324; emphasis added). "[U]njustifiable delay on a habeas petitioner's part," while not "an absolute barrier to relief," is "a factor in determining whether actual innocence has been reliably shown." McQuiggin, 569 U.S. at 387.

---

[4] The Schlup actual innocence exception is different than the delayed-start-date provision for new evidence in § 2244(d)(1)(D), discussed above. Section "2244(d)(1)(D) is both modestly more stringent (because it requires diligence) and dramatically less stringent (because it requires no showing of innocence)." McQuiggin v. Perkins, 569 U.S. 383, 395 (2013).

**2. Analysis.**

It appears Petitioner contends he is actually innocent, either because Vanessa S. consented to their sexual encounter and/or because she lied about the identity of the true perpetrator. (Pet. at 1 (alleging Petitioner is "factual[ly] innocent" and was "framed" because the "true suspect" was another person named in the Petition); id. at 4 (alleging that Vanessa S. "made up a false accusation"); id. at 18 (affidavit alleging that he "gave [Vanessa S.] sexual service by her request").)But the Petition puts forth no *new*, reliable evidence that was not introduced at trial. The only evidence attached to the Petition is an affidavit from Petitioner himself, which outlines his theories and does not appear to refer to any new evidence. (Pet. at 15-20); Jackson v. Beard, No. 12-CV-2479, 2014 WL 2657536, at *7, 2014 U.S. Dist. LEXIS 81276, at *17 (S.D. Cal. May 12, 2014) ("A self-serving declaration is not the kind of evidence that meets the Schlup 'more than likely that no reasonable jury would have convicted him' standard."), recommendation accepted, 2014 WL 2657536, 2014 U.S. Dist. LEXIS 81149 (S.D. Cal. June 12, 2014).

**VI.**

**CONCLUSION**

IT IS THEREFORE ORDERED that, **on or before January 19, 2024**, Petitioner show cause in writing, if any he has, why the Court should not recommend that Claim One be dismissed without prejudice for lack of jurisdiction and Claims Two through Nine be discussed with prejudice as untimely.

**If Petitioner fails to respond this order before the deadline, this action may be dismissed for failure to prosecute.**

If Petitioner is released from custody while this case is pending, he must promptly notify the Court of his new mailing address. If he fails to keep the Court informed of his current mailing address, this action may be dismissed for failure to prosecute. See Local Rule 41-6 ("A party proceeding pro se must keep the Court … informed of the party's current address as well as any telephone number and

email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.").

DATED: December 20, 2023

Karen E. Scott

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE